UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6281-CR-~~RYSKAMP~~ /Highsmith/

UNITED STATES OF AMERICA,

   Plaintiff,

v.

VLADIMIR LVOVICH YAROSH,

   Defendant.
_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVER ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

 A. 1. There are audio and video tapes as outlined on the attachment. One set of the recordings are being held in my office. you will have to make your own arrangements for duplication. Please contact my secretary, Dolly Fox, at (954) 356-7255, Extension 3575, to make arrangements.

   2. The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

   3. No defendant testified before the Grand Jury.

   4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

   5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually

|     |     |
| --- | --- |
|     | convenient time at the office of the United States Attorney. |
|     | The attachment to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. |
| 6.  | There were no physical or mental examinations or scientific tests or experiments made in connection with this case. |
| B.  | DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. |
| C.  | The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). |
| D.  | The government will disclose under separate cover any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). |
| E.  | The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. |
| F.  | No defendant was identified in a lineup, show up, photo spread or similar identification proceedings. |
| G.  | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.  | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the |

2

|    |    |
|----|----|
|    | trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I. | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J. | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K. | No contraband is involved in this indictment. |
| L. | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M. | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N. | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O. | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at a discovery conference. |
| P. | At the discovery conference, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel. |

3

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate dates of the offenses November 16, 1996 - July 8, 1998; the places are outlined in the Indictment.

The attachments to this response are numbered pages 1-2. Please contact the undersigned Assistant United States Attorney if any pages are missing.

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: _____
        DIANA L.W. FERNANDEZ
        ASSISTANT UNITED STATES ATTORNEY
        Court ID #: A5500017
        500 E. Broward Blvd., 7th Floor
        Fort Lauderdale, Florida  33394
        Telephone: (954) 356-7392
        Facsimile: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this 23rd day of October, 2000 to:

Jon Rosenthal, Esquire
12958 Biscayne Boulevard
Suite 202
North Miami, FL 33181

_____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

5

85 Audio cassettes
1 video cassette

1. 07/29/96 - Receipt provided to CI1 from Leonard FONOROV for $200.00 down payment for an immigration document.

2. 03/14/97 - Receipt provided to CI2 and signed by Larisa YAROSH on stationary from "Bond, Paint, Chemical and Manufacturing" for $500.00 down payment for documents. The receipt contains the phrase, "I received $500.00 for services rendered."

3. 06/26/97 - Photos of Sergey MAXIMOV taken during an undercover meeting at "Chokolada" restaurant in Hollywood, Florida by a surveillance van wherein CI2, a UCA, and MAXIMOV met.

4. 07/11/97 - Photos of Vladimir and Larisa YAROSH taken utilizing an INS hidden camera in a purse by CI2 during a meeting at YAROSH's warehouse in Ft. Lauderdale, Florida.

5. 08/15/97 - Samples of Chinese silk that MAXIMOV provides to CI2 to offer CI2 to get involved in shipping fabric. MAXIMOV states that YAROSH is involved in getting immigration status for a lot of people. Receipt for monies provided by MAXIMOV for $5,500.00 signed by MAXIMOV. The exact verbiage on the receipt reads: "I, Sergey MAXIMOV, took from Ilona Berezina $5,500.00 for fulfilling her request."

6. 10/07/97 - Photocopy of passport in the name of Ilona Berezina with costs of documents on the back penciled in by MAXIMOV. The penciled in portion includes the following: $800 for expenses, photos, hotel, $4,500.00 Russian + visa.

7. 11/14/97 - Photocopy of internal USSR passport in the name of Ilona Berezina and a copy of a marriage certificate between Ilona BEREZIN and Vladimir KONSTANTINOVICH.

8. 12/16/97 - Passport in the name of Ilona BEREZINA bearing an authentic B-2 visitor visa obtained during meeting between MAXIMOV and CI2.

9. 12/16/97 - Passport in the name of Illona Berchtein provided during the meeting this date between MAXIMOV and CI2

10. 12/16/97 - Diploma from Kiev Polytechnic Institute indicating that Ilona Berezina obtained an electronics engineer degree from the Ukraine

11. 12/16/97 - Remaining singular photo used to produce passport for Ilona Berezina given back to CI2 during meeting this date.

12. 12/16/97 - Photocopy of nonimmigrant visitor visa (B-1/B-2) contained in passport in the name of Ilona BEREZINA

13. 01/12/98 - Comparison of passports done by the INS Forensic Document Laboratory 01/07/98. Passports are determined to be authentic.

14. 03/20/98 - UC document made by the INS for Ilona Berezina for purposes of meeting with YAROSH and his attorney contact.

15. 04/10/98 - Receipt for $500 paid to Sergey BARANSIKOV for YAROSH by CI2. The receipt reads: "I received from Lona $500.00."

16. 07/02/98 - Documents from meeting between Attorney James Judd, Yarosh, and CI2